**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeremiah DiCapua, Appellant,

v.

Thomas D. Guest, Jr., Respondent.

Appellate Case No. 2012-212110

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-207
Submitted April 1, 2013 – Filed May 22, 2013

**AFFIRMED**

Jeremiah DiCapua, pro se.

Douglas Walker MacKelcan, III and David W. Overstreet, both of Carlock, Copeland & Stair, LLP, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in ruling the applicable statute of limitations barred DiCapua's cause of action: *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (stating that in reviewing the dismissal of an action under Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the circuit court); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *Kelly v. Logan, Jolley, & Smith, L.L.P.*, 383 S.C. 626, 632, 682 S.E.2d 1, 4 (Ct. App. 2009) ("The statute of limitations for a legal malpractice action is three years." (citing S.C. Code Ann. § 15-3-530(5) (2005))); S.C. Code Ann. § 15-3-535 (2005) ("[A]ctions initiated under [s]ection 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."); *Maher v. Tietex Corp.*, 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct. App. 1998) ("The statute [of limitations] is not delayed until the injured party seeks advice of counsel or develops a full-blown theory of recovery; instead, reasonable diligence requires a plaintiff to act with some promptness." (internal quotation marks and citation omitted)); *Epstein v. Brown*, 363 S.C. 372, 382-83, 610 S.E.2d 816, 821 (2005) (holding the three-year limitations period for a legal malpractice claim began running on the date the adverse verdict was entered against the client, even though the attorney continued to represent the client throughout the appellate process).

2. As to DiCapua's arguments concerning his failure to file an affidavit from an expert witness: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.